June, 1810.

FIELDS
v.
GORHAM.

SAMUEL FIELDS AND JOSEPH FRENCH *against* MILES GORHAM.

WRIT of error.

This was an action of *assumpsit* on a promissory note. The defendant pleaded usury. The plea averred, that on the 22d of *August*, 1807, it was corruptly agreed between *Elihu Monson* and *Richard Gorham*, that *Monson* should loan to said *Richard* five hundred dollars for thirty days, reserving eleven dollars as interest; in pursuance and *D.* as sureties. When this note became due, it was agreed between *C.* and *A.* that *A.* should give it up to *C.*, in consideration of which *C.* would give *A.* his note, payable in ninety days, and endorsed by *D.* Afterwards, while the first note remained in the hands of *C.* and the second in the hands of *A.*, both unpaid, it was corruptly agreed between *A.*, *B.* and *C.*, upon a usurious consideration, that *A.* should give further day of payment for the amount of the second note, to be secured by *D.*'s note payable to *C.* and endorsed by *C.* to *A.*, in consideration of which *C.* was to give up the first note to *B.*, and *A.* the second note to *C.* This arrangement was carried into effect. In an action on the last note in the name of *C.* against *D.*, the defendant pleaded usury, stating these facts; and it was held to be a good defence.

In pursuance of a corrupt agreement *A.* loaned a sum of money to *B.* and took his note, reserving usurious interest, payable in thirty days, and endorsed by *C.*

June, 1810.

FIELDS
v.
GORHAM.

of which agreement, said *Richard* executed his note for five hundred dollars, which was endorsed by the plaintiffs and by the defendant as sureties; that on the 23d of *September* following, the note being unpaid, it was agreed between the plaintiffs and *Monson*, that he (*Monson*) should deliver up to them said note, in consideration of which they would give him their note, payable in ninety days to, and endorsed by, the defendant, which was accordingly done ; that on the 22d of *October*, said *Richard's* note being in the hands of the plaintiffs, and their note in the hands of *Monson*, both unpaid, it was corruptly agreed by and between *Monson*, the plaintiffs and said *Richard*, that *Monson* should forbear and give day of payment *for the sum of the plaintiffs' said note*, for the term of six months from that time, and that said *Richard* should pay to the plaintiffs, and they to *Monson* for such forbearance, the sum of thirty dollars, being more than legal interest ; that said *Richard* should procure and deliver to *Monson* the defendant's note, payable in six months to the plaintiffs, and endorsed by them, to secure the payment of said 500 dollars, and for which the plaintiffs' said note and the note of said *Richard* had been given ; in consideration of which, *Monson* would give up to the plaintiffs, and they to *Richard*, the notes by them respectively executed ; that said *Richard* did, on said 22d of *October*, in pursuance of such corrupt agreement, procure the defendant's note, which was endorsed by the plaintiffs, and is the same note on which this action is brought; that the plaintiffs paid to *Monson*, and said *Richard* gave them his note for, 30 dollars, so agreed to be given for the forbearance of said 500 dollars.

The plaintiffs replied, that the note was given for good and just consideration, and traversed the corrupt agreement ; on which issue was joined.

After a verdict for the defendant, the plaintiffs made a motion in arrest of judgment. The court arrested the judgment. The defendant then pleaded anew, and made

an additional allegation respecting the loan of the money. The plaintiffs replied, traversing the corrupt agreement. The defendant produced evidence to support his plea, to which there was a demurrer. The court adjudged the evidence sufficient; to reverse which judgment this writ of error was brought.(*a*)

*Daggett* and *Staples*, for the plaintiffs in error.

1. By our statute all bonds, contracts, &c. made for the payment of money lent, or covenanted to be lent, upon which more than six *per cent. per annum* is reserved, shall be void. The excessive interest must be reserved upon a loan to render the security void. In this case, the jury have found that the note on which, &c. was given for a usurious agreement, but have not found that the original agreement was corrupt. The plea avers, that the agreement on which this note was given was only a continuation of the first loan, which, for aught that is found, being good, the case does not come within the statute. No loan is stated in the plea. It is indeed said, that it was agreed that *Monson* should give day of payment *for the sum of the plaintiffs' said note.* This, surely, is not a statement of a loan. The cases make a direct statement of that fact; and greater certainty is required in a plea than in a declaration, the facts being more within the knowledge of the party pleading. 2 *Hawk.* 533. Statement and proof of a loan being necessary to bring the case within the statute, the omission cannot be cured by verdict. Proof of a loan was not a necessary part of the proof of other facts stated; the case does not, therefore, come within the reason of defective statements cured by verdict. *Rushton* v. *Aspinall, Doug.* 679. *Clark* v. *Moses, Kirby,* 143.

(*a*) As the opinion of the court was founded merely on the sufficiency of the first issue and verdict, the statement of the evidence in support of the second plea, and the arguments of counsel upon the demurrer, are omitted.

*June, 1810.*

FIELDS
v.
GORHAM.

2. No corrupt agreement was entered into by the defendant. It does not even appear that he was acquainted with *Richard Gorham's* undertaking to pay more than legal interest. The defendant ought not to be suffered to set up an agreement, made by a third person, as a defence against a just claim of the plaintiffs, who have neither received, nor contracted to receive, more than legal interest. *Ord.* 99.

This case comes within the letter and spirit of *Cuthbert et al.* v. *Haley*, 8 *T. R.* 390. The case of *Turner* v. *Hulme*, 4 *Esp. Rep.* 11. goes the full length of this case. Lord *Kenyon* there said, that the consideration of the first note could not be questioned, unless it could be shown that this was a colourable shift to evade the statute against usury devised when the money was originally lent, and the note first given. The objection that the statute may be thus evaded, applies with equal force to *Barclay, q. t.*, v. *Walmsley*, 4 *East*, 55. 5 *Esp.* 11. and many similar cases.

*N. Smith* and *Twining*, contra. Judgment ought to have been rendered for the defendant, on the verdict. Sufficient matter was stated; the issue was material; and the jury have found the usurious and corrupt agreement. Formal objections come too late after verdict. But we deny the necessity of stating a loan *eo nomine*. The statute renders void all securities made for the payment of any principal money lent, or covenanted to be lent, for forbearance of which more than six *per cent.* is taken. The sum for which the last note was given was *principal* within the meaning of the statute. It was a forbearance of a debt for which illegal interest was taken. Whether, therefore, the last note be considered as a continuation of the original contract, and from which the usury had never been expunged, or as a substantive independent agreement, upon which the illegal interest was, in the first in-

6

stance, reserved, the case comes within the purview of the statute.

It is said, that the defendant was no party to the usurious agreement, and therefore cannot take advantage of it. If this objection prevail, the statute will, in effect, be repealed. The clause of the statute which declares the security void is general; and though usury must be taken by agreement, yet the maker of the note is not necessarily to be a party to, or cognisant of, that agreement. It was averred in the plea, and found by the jury, that the note on which, &c. was given for the performance of an illegal contract. By giving his note the defendant adopted the agreement as his own. The fact that the defendant gave his note for the performance of the contract is sufficient evidence of his assent to that contract. Many cases, decided on other grounds, would have admitted a similar objection. No such objection appears to have been thought of. *Cuthbert et al.* v. *Haley*, 8 *T. R.* 390. *Hammett* v. *Yea*, 1 *Bos. & Pull.* 144. *Walton et al.* v. *Shelley*, 1 *T. R.* 296.

N. SMITH, J. This was an action of *assumpsit* in common form, on a note of hand; and, on trial to the jury, upon a plea of usury, a verdict was had for the defendant; but the court arrested the judgment for the insufficiency of the plea. The defendant then put in another plea, in all respects like the former, except some additional allegations respecting the loan of money. This plea was also traversed, and on trial to the jury a demurrer was taken to the defendant's evidence. The court found the evidence to be sufficient, and rendered judgment for the defendant.

I am of opinion that the first plea was sufficient, and that judgment ought to have been rendered upon the verdict of the jury; and although the court proceeded irregularly in arresting the judgment, yet, as the judg-

ment was finally such as the law required to be rendered in this case, it cannot be reversed.

To the plea there have been two exceptions taken.

1. That no loan of money is stated;

2. That neither the plaintiffs nor the defendant was party to the usurious agreement.

But when we attend to the plea we find that, although there was a loan of money in the first instance, the usury complained of in this case consisted in the forbearance of an old debt upon a new usurious and corrupt agreement, and not upon any loan of money. To state a loan of money, therefore, would be worse than useless; for it could not be proved, if stated.

We also find, by attending to the plea, that the plaintiffs were in fact a party to the usurious agreement, though it seems that *Elihu Monson*, who is not a party to the suit, had the profits of the usury. But it can be of no importance who received the profits, since the plaintiffs were actually a party to the agreement.

The situation of the defendant has excited much more doubt. He appears to have had no interest in the corrupt agreement, nor to have been in any way privy to it. He appears to have signed the note as the friend of *Richard Gorham*, and at his request, without any knowledge whatever of the usury. I have no doubt that, to avoid a note on the ground of usury, there must be a corrupt agreement between the parties on record; and I at first thought that the defendant could not avail himself of the corrupt agreement made by *Richard Gorham*, unless he could show an agency. But, on further reflection, I think he may adopt the acts of *Richard* at any time; and that a subsequent assent is as good as a prior authority. A contrary opinion renders the statute of no effect; for nothing is more easy than to obtain a friend to execute a note who has no knowledge of the usurious agreement; and such would probably be the constant course, provided an evasion of that sort were to receive the sanction of

this court. It becomes unnecessary, therefore, for me to make any remarks relative to the proceedings on the second plea.

EDMOND, J. and TRUMBULL, J. gave no opinion.

The other judges concurred in the opinion above stated.

Judgment affirmed.