*New-Haven,*
November,
1816.

Scott
*v.*
Lewis.

### Scott *against* Lewis.

*A.* having given a usurious security, paid the amount thereof to *B.*, who was surety for him, and *B.* in consequence of such payment, gave his own note to the creditor for the same amount ; held that the latter note was not usurious.

THIS was an action on a promissory note for 350 dollars.

The cause was tried at *New-Haven, August* term 1816, before *Swift,* Ch. J. and *Goddard* and *Hosmer,* Js.

The defence was usury ; in support of which, the defendant introduced evidence to prove, that one *James Sherman* applied to the plaintiff for the loan of 350 dollars ; that the plaintiff, on such application, agreed that he would make the loan, by discounting a note to be signed by the defendant, and indorsed by *Sherman* and two others, payable twelve months after date, with interest, and allowing eighteen shillings on the pound of the amount of such note, which discount would exceed the rate of six *per cent. per annum ;* that *Sherman* procured a note thus drawn, signed and indorsed, which the plaintiff took, and thereupon made the proposed loan, on the terms of such corrupt agreement ; and that the note in suit was afterwards substituted by the defendant, and accepted by the plaintiff, for the note so discounted, which was given up.   The defendant, therefore, contended, that the note in suit, being a substituted security, for one clearly usurious, was also usurious and void.   The plaintiff then introduced evidence to shew, that the defendant, at the time when he signed the first mentioned note, took a note from *Sherman* for 350 dollars, secured by mortgage ; and that he had since received the amount of the last mentioned note, by means of a quit-claim deed of the mortgaged premises.   The plaintiff thereupon contended, that although the first note was usurious and void, as claimed by the defendant, yet the note in suit was valid.   The court decided, and so instructed the jury, that although the first note was given upon the usurious contract claimed by the defendant, yet if

the jury believed, that the defendant had received the amount of the note given by *Sherman* to him and secured by mortgage, and, in consequence thereof, had given the note in suit to the plaintiff, this note would be valid ; and the jury ought to find a verdict for the plaintiff. The jury having found a verdict for the plaintiff, the defendant moved for a new trial on the ground of a misdirection ; and the questions arising on such motion were reserved for the consideration and advice of the nine Judges.

*Bristol,* in support of the motion, contended, that the note discounted by the plaintiff being clearly usurious, and the note in question being a substituted security between the same parties, given to continue the original loan, the defence was established, and the plaintiff could not recover. *Townsend* v. *Bush,* 1 *Conn. Rep.* 260. *Cuthbert* v. *Haley,* 8 *Term Rep.* 390. *Tate* v. *Wellings,* 3 *Term Rep.* 537. *Ord on Usury* 103. *a.* This case does not come within the exceptions to the general rule in *Ellis* v. *Warnes, Cro. Jac.* 32. and *Kilbourn* v. *Bradley,* 3 *Day's Ca.* 356.

2. That the defendant's receiving payment of *Sherman's* note to him could not, in point of law, be a consideration for the note in suit, so as to remove the contamination of usury.

3. That a new consideration, if admitted, would not validate the present note ; as it still would be a security *whereby* more than lawful interest was *reserved,* and therefore within the express words of the statute.

4. That if this case were not within the express words of the statute, still it was within the principle of that class of cases where it has been held, that no recovery can be had for money paid by the plaintiff for the defendant, or received by the defendant for the plaintiff, on an illegal transaction. *Steers* v. *Lashley,* 6 *Term Rep.* 61. *Mitchell* v. *Cockburne,* 2 *H. Black.* 379. *Aubert* v. *Maze,* 2 *Bos. & Pull.* 371. *Booth* v. *Hodgson,* 6 *Term Rep.* 405.

*N. Smith,* contra, distinctly admitted, that the note of a third person made to raise money in market, and put off at a greater discount than six *per cent. per annum,* is usurious ; also, that a substituted security is no better than the original one ; but contended, that the note in question stood upon a different footing, being given upon a new and distinct con-

sideration. *Sherman*, the maker of the original note, chose to pay it; and placed funds in the defendant's hands for that purpose. The defendant, then, in consideration of having such funds in his hands, gave the note in question. The case is precisely within the principle of *Church* v. *Tomlinson(a)* decided in this Court, *November* term 1811. Suppose I owe *A.* a sum of money on a usurious contract, which, of

(*a*) CHURCH *against* TOMLINSON :

IN ERROR.

THIS was an action brought by *Tomlinson* against *Church* on a promissory note. In the county court, the defendant entered a plea in bar, stating the following facts. On the 3d of *April* 1802, the defendant purchased of one *French*, a farm, for which he agreed to give the sum of 1005*l.* The defendant paid and secured, at the time of purchase, the sum of 305*l.*; but being in want of the remaining sum of 700*l.* to make up the purchase money, he applied, with the knowledge, and by the direction, of the plaintiff, to *Jabez Bacon*, for the loan of that sum. *Bacon*, after advising with the plaintiff relative to the value of the farm, and relative to the proposed loan, offered to loan the defendant the sum of 700*l.*, and pay the same over to *French*, provided he would consent that *French* should convey the farm directly to *Bacon*, and the defendant would also give his own note including that sum, with the lawful interest, and the further usurious and oppressive sum of 100*l.*, making in the whole 800*l.*, payable by several instalments, with annual interest; and in that case, *Bacon* would give the defendant a bond to convey the farm to him upon payment of the note. The defendant acceded to these terms; and a corrupt and usurious agreement conformable thereto, was, with the knowledge of the plaintiff, and by his procurement, entered into between *Bacon* and the defendant. *Bacon* accordingly loaned the defendant 700*l.*, and paid the same over to *French*; and the defendant gave his note for 800*l.*, payable as aforesaid. In *March* 1804, the defendant paid *Bacon* about 700 dollars, took from him a deed of the farm, and gave him a new note for the sum remaining due, with interest, including therein, by a usurious and corrupt agreement, said 100*l.*; and, as a security for the payment thereof, gave him a mortgage of the farm. This note remained in *Bacon's* hands until his death; when it came into the hands of the plaintiff, as his property. Immediately afterwards, the plaintiff, knowing what had taken place, proposed to the defendant to take it up, and give three notes to the plaintiff for the same amount, including interest, and to mortgage other lands as security, threatening him, at the same time, with a suit, in case of non-compliance. The defendant accordingly took up his note payable to *Bacon*, and gave the defendant, for no other cause or consideration, three promissory notes, one of which was the note in suit.

The plaintiff replied, that the note in suit was given for good cause and consideration, and was not usurious and corrupt, as the defendant in his plea had alleged; on which issue was joined.

The jury found a verdict for the defendant; and the plaintiff moved for judgment in his favour, *veredicto non obstante*. The court, after taking time to consider, granted the motion, and gave judgment for the plaintiff.

course, he could not recover of me; but I request *B.* to pay that money to *A.*, which *B.* accordingly does, and I give him my note for the amount so paid; cannot *B.* recover on this note? If so, the note in suit is unimpeachable.

SWIFT, Ch. J. A new security for a usurious debt is void: So is a substituted security, unless made payable to an innocent party, ignorant of the usury; or unless the usury be purged by a new consideration.

The original note in this case was usurious and void; but *Sherman*, the real debtor, instead of taking advantage of it, paid the whole sum to the defendant, who stood in the capacity of surety for him, and the defendant then gave his note to the plaintiff. When the defendant received the amount of

A writ of error being brought by the defendant, the superior court affirmed the judgment. A writ of error was then brought before the supreme court of errors.

*R. M. Sherman* and *Staples*, for the plaintiff in error, contended, 1. That the note in suit was intrinsically usurious, as it was a security whereby there was reserved more than six *per cent. per annum;* and that *with the knowledge of the plaintiff.* In *Cuthbert* v. *Haley,* 8 *Term Rep.* 390. the original securities, which were usurious, came into the hands of the plaintiffs, *without knowledge of the usury;* and on that ground alone the substituted security was held to be valid.

2. That if the note in suit was not intrinsically usurious, yet it was void, on the ground that it grew out of an illegal transaction. *Steers* v. *Lashley,* 6 *Term Rep.* 61. Ex parte *Mather,* 3 *Ves.* jun. 373. *Ketchum* v. *Scribner,* 1 *Root* 95. *Belding* v. *Pitkin,* 1 *Caines' Rep.* 147. In 1 *Campb. Rep.* 165. *n.,* it is laid down as the result of all the authorities, that if the original contract be *illegal,* it does not admit of being regenerated, and no subsequent agreement or confirmation by the party can give it validity. "The statute against usury has a wider scope than merely to protect individual borrowers. It is founded on principles of public policy. The whole community have an interest in its provisions." 1 *Scho.* & *Lef. Rep.* 195. 312.

*Daggett* and *N. Smith,* for the defendant in error, adverted to most of the cases regarding substituted securities, and contracts, express or implied, arising out of illegal transactions; but the ground on which they principally relied, was, that the plaintiff, being a *bona fide* purchaser of the note to *Bacon,* for a valuable consideration, which, though infected with usury, was property in his hands, and would entitle him to recover of *Bacon* the sum paid for it; the giving up of that note was a new, and a lawful consideration for the note in suit; and that neither the previous history of the former note, nor the plaintiff's knowledge of that history, were of any importance in the case.

BY THE COURT, unanimously, the judgment was affirmed.

<div style="margin-note">

*New-Haven,*
November,
1816.

</div>

the original note from *Sherman,* it became his duty to pay it to the plaintiff. When he gave the note on which this action is brought, it was not giving one security for another, or a substitution of a security on the same consideration; but it was giving a note on a new consideration, uninfected by usury. It was giving a note to the plaintiff for the money which the defendant had received from *Sherman,* to pay over to him, and not on the same consideration on which the original note was given. Suppose one man should send money by another, to pay a usurious note, and instead of paying the note, he should retain the money, and give his own note for the same sum in discharge of the usurious note. This clearly would not be usury; and the two cases are precisely parallel in point of principle.

I am of opinion, that the charge to the jury was proper; and that a new trial ought not to be granted.

In this opinion the other Judges severally concurred.

New trial not to be granted.