## BOTSFORD *against* SANFORD.

*A.* held a promissory note, given by *B.* on a usurious consideration, and endorsed by *C.* as surety. *B.* being in failing circumstances, *C.* applied to *A.* for the note, that he might secure it out of *B.*'s estate, and offered to give *A.* his own note for it ; which was agreed to, and done. Held, that *C.*'s note so given was usurious, the transaction being a mere substitution of one security for another, by parties to the original usury.

In such case, *C.* afterwards obtained payment of *B.*'s note, by a suit thereon against him, and was thereby fully indemnified ; in consideration of which, he gave a new note to *A.* for the amount. Held, that the latter note was not usurious.

THIS was an action on a promissory note for 314 dollars, 25 cents, dated *April* 5th, 1815, payable to the plaintiff, on demand.

The cause was tried at *Fairfield, September* term, 1817, before *Swift,* Ch. J., and *Goddard* and *Gould,* Js.

The defence was usury. In support of this defence, the defendant introduced testimony to shew, that on the 13th of *April* 1813, one *Jarvis Platt* gave his note to the plaintiff for 214 dollars, in which was included about 8 *per cent.* more than the lawful interest ; that on the 24th of *November* following, that note was renewed for 290 dollars, in which was also included about 8 *per cent.* more than the lawful

interest ; that each of those notes was indorsed by the defendant as surety ; and that on the 24th of *October* 1814, the defendant took up the last mentioned note, and gave his own note for the principal and lawful interest. To obviate this defence, the plaintiff offered witnesses to prove, that when the note of the 24th of *November*, 1813, was taken up, it was not due ; and that the defendant urged the plaintiff to give it up to him, that he might have an opportunity to secure it out of the estate of *Platt*, who was then in failing circumstances ; that the plaintiff gave it up accordingly, and took the defendant's note of the 24th of *October*, 1814, which was done at the defendant's request, to effectuate the object proposed by him. The plaintiff offered to prove, also, by the same witnesses, that afterwards, when the note in suit was given, the defendant acknowledged, that he had obtained out of the estate of *Platt* a sufficient sum to pay the note which the defendant had given for him, and to indemnify the defendant, by the levy of an execution on the real and personal estate of *Platt*, obtained in a suit on *Platt's* note to the plaintiff, commenced and carried on by the defendant against *Platt*, with his assent and approbation. The defendant objected to the admission of this evidence, on the ground, first, that the facts stated were irrelevant, and secondly, that they could not be proved by witnesses, without producing the execution and other proper documents in the suit against *Platt*. The court rejected the evidence on the first ground. The defendant having obtained a verdict, the plaintiff moved for a new trial ; and the questions arising on such motion were reserved for the consideration and advice of the nine Judges.

*Daggett* and *Chapman*, in support of the motion, contended, 1. That the first note given by the defendant, *viz.* that of *October* 24th 1814, was not, upon the evidence offered, usurious. A greater sum than the lawful interest may be included in a security uncontaminated with usury ; as where it was included by mistake, or by the act of the obligee, without the consent or knowledge of the obligor. So too a security given for the amount of a judgment recovered on an usurious contract, is free from usury. So too a security given on good consideration, for the amount of an usurious one, by a person not party to the original agreement, is equally free from usury. *Turner* v. *Hulme*, 4 *Esp.* 11.

*Hartford*,
November,
1817.

Botsford
*v.*
Sanford.

Hartford,
November,
1817.

Botsford
v.
Sanford.

*Bearce* v. *Barstow*, 9 *Mass. Rep.* 45. *Church* v. *Tomlinson*, 2 *Conn. Rep.* 134. n. In this case, there was a new and distinct consideration; and it was also a good consideration. The defendant says to the plaintiff, if you will give me *Platt's* note, so that I may secure myself against my indorsement, I will give you my note for that amount. The plaintiff parts with a security which he held, and the defendant gets a benefit to himself. The transaction rests on the same ground as it would, if the defendant had bought an usurious note, and given his own obligation for it.

2. That the note in suit, at any rate, was not usurious. After the note of *October* 24th, 1814, was given, the defendant obtained payment of the whole amount from *Platt*, and then, in consideration of the money thus received, took up that note, and gave the note in suit. This transaction brings the case exactly within *Scott* v. *Lewis*, 2 *Conn. Rep.* 132.

3. As to the *nature* of the evidence offered, it was remarked, in the first place, that the court decided, that the facts offered to be proved were irrelevant, and could not be received, if made out by any kind of evidence. Secondly, the evidence was not offered to prove the form or amount of a judgment, or the contents of an execution, but to prove that the defendant *had obtained satisfaction.* Thirdly, *personal* as well as real estate was taken; and whether satisfaction was obtained or not, by personal property, clearly may be, and generally must be, proved by parol; it cannot ordinarily be proved by record evidence.

*Sherman* and *Hatch*, contra, contended, that so much of the evidence offered by the plaintiff, as related to the first note given by the defendant, was properly rejected, because, if admitted, it would not have obviated the charge of usury. That note was clearly a *substituted security* for the usurious notes of *Platt.* The case of *Fields & al.* v. *Gorham*, 4 *Day*, 251. shews, that in substituting one security for another, *a change of names on the paper* makes no difference. Besides, the original notes had the defendant's name on them as endorser. He was a *party* to them. The case of *Turner* v. *Hulme*, is, at best, of apochryphal authority; but this case does not even come up to that. Here, there was no process, no judgment, no arrest, on the original notes given by *Platt.* In *Bearce* v. *Barstow*, the defendant was indebted on

a just and legal consideration, for the amount of the note then in suit; it was a part of the case that the demand against him was liable to no objection of usury; and the defence was substantially this, that a just and legal debt, had been transferred, by the creditor, to a man who had practised usury, in a distinct transaction with this creditor! It is not wonderful that such a defence did not prevail; but it has no bearing upon the present case.

2. The note in suit was usurious, admitting all the facts which the plaintiff offered to prove. It was still a substituted security. It was given to secure the payment of *Platt's* debt to the plaintiff, and for no other purpose. *Scott* v. *Lewis* does not touch this case. There, the maker of the note in suit, had got a fund in his hands to pay an usurious note given by another; and instead of paying the money to the creditor, he gave his own note. If he had given no note, he would still have been liable to the plaintiff for money received to his use. Here, the defendant had, by legal process, obtained an indemnity for his own liability; but had received nothing for the plaintiff's use. *Platt* still has a right to try the question of usury on this substituted security, in the defendant's name, as well as he might on his original notes, if they had not been given up.

3. The suit, judgment, execution, levy and return, which the plaintiff offered to prove, are all matters of record, or, at any rate, written evidence, which ought to have been produced, and could not be proved by parol. If it be said, that the court did not reject the evidence on this ground, but because it was, in their opinion, irrelevant; it is sufficient to observe, that if this Court can see from the case before them, that the evidence was properly rejected, though for a wrong reason, they will not grant a new trial; for if they should, it would obviously avail nothing, as the evidence would still be inadmissible.

SWIFT, Ch. J. In regard to the first note given by *San-ford* the defendant, to *Botsford* the plaintiff, I am of opinion, that it was usurious. It appears from the facts stated, that *Botsford* held a note against *Platt*, indorsed by *Sanford* as surety, which had been given on an usurious consideration. *Sanford* applied to *Botsford*, and offered to give him his own note for that note, for the purpose of securing it out of the

estate of *Platt,* who was in failing circumstances ; to which *Botsford* assented. This note, then, was given by a party to the original usurious contract, to the original promissee, the party to the usury, and in consideration of giving up the usurious note, without the privity or consent of the real debtor. Here was the same usurer, and the same usury ; there was no new consideration to the plaintiff ; it was a mere substitution and exchange of notes, which has never been deemed sufficient to purge the usury.

It has been contended, that this was a purchase of the note by *Sanford,* for the purpose of securing it from *Platt.* But *Sanford* is to be considered as a party to the original note. He might have avoided a claim against him on his indorsement, on the ground of the usury contained in it. It might as well be said, that giving a new note by *Platt* for the old note would have been a purchase. The substance of the transaction is the substitution of one note for another, as between the parties to the original usury.

In respect of the last note, the one now under consideration, the plaintiff offered to prove, that the defendant, at the time it was given, acknowledged that by a suit on the former note, he had obtained a sufficient sum to pay it, from *Platt,* with his assent, and that he was indemnified. This would, in effect, have been a payment of the note by *Platt* to *Sanford.* No demand could ever have been made by *Sanford* on *Platt ;* and the case stood precisely on the same footing as if *Platt* had actually paid the money to *Sanford,* and taken up his note. A man who has given a note, void on account of the usury contained in it, may waive taking advantage of the statute, and pay the money. In such case, it is said in *Massachusetts,* he cannot recover it back. 9 *Mas. Rep.* 48. And it has been decided in *England,* that no part but the unlawful interest can be recovered back. 1 *Term Rep.* 154. *Cowp.* 792.

Now, it would be a manifest absurdity to say, that a person who had received the whole money from the debtor, and, in consideration thereof, had given a new note, could avoid it, on account of usury in a prior note, when the debtor himself, who made and satisfied the usurious contract, could recover nothing, or, at any rate, no more than the unlawful interest. Indeed, the object of the statute is, to protect those persons only, of whom an oppressive advantage has been

*Hartford,*
November,
1817.

Botsford
*v.*
Sanford.

taken, and not those who have made contracts on adequate consideration. Here no advantage was taken of *Sanford;* there was no usury in his note to *Botsford;* he received the full amount from the actual debtor; and then promised to pay it to *Botsford.* Here, then, was a new consideration; and the note given in consequence of it, was not infected, by the usury in the original note given by *Platt* to *Botsford:* for it cannot be permitted, when a man who has given a note void for usury, waives the statute, and pays the whole money to another, to be paid to the creditor, and the person to whom the money is so paid, instead of paying it over to the creditor, gives a new note for it, that such new note should be void for the usury contained in the prior note. It may then be considered as a settled principle, whenever a man, whether the surety or a stranger, receives the amount of a usurious note from the debtor, and, in consideration thereof, gives a new note to the creditor, that there is no usury in the last contract, and it cannot be avoided on account of usury in the first, unless such arrangement was originally made with an intent to defeat or evade the statute; and of this there is no pretence in the present case. *Scott v. Lewis,* 2 *Conn. Rep.* 132. is decisive.

The evidence offered by the plaintiff, and which was rejected, conduced to prove, that *Platt* had made payment to *Sanford* of the note for which he was surety, and had waived taking advantage of the statute against usury; and the jury might have found, that *Sanford,* the defendant, in consideration thereof, gave the note in suit. This testimony would have been relevant, and ought to have been admitted; and on this ground I would advise a new trial.

With respect to the objection to the testimony, that the plaintiff ought to produce the record, execution and written documents, I think it ought not to prevail. The plaintiff relied on the acknowledgment of the defendant, that he had received payment and indemnity for the note he had given as surety for *Platt.* This was the material part of the testimony. Whether he received it by a judgment and execution, or in any other mode, was wholly immaterial; and the plaintiff was not bound to produce proof that he had received it in the manner he had acknowledged.

TRUMBULL, J., was of the same opinion.

EDMOND, J. thought, that *Sanford* was to be considered as a purchaser of *Platt*'s note, and though indorser on it, not a party, but a stranger ; it not appearing that he knew that such note was usurious at the time he indorsed it : Consequently, the first note given by *Sanford* was not usurious. As to the second note given by *Sanford,* he concurred in the opinion delivered by the Chief Justice.

SMITH, J.   On trial of this cause in the superior court, the defence relied upon was usury ; and to obviate the defendant's testimony, the plaintiff offered certain evidence, which was rejected by the court as being irrelevant, and a verdict was consequently found for the defendant.

In determining whether the evidence is relevant, it will be proper, at present, to assume the facts as being proved, and if those facts will deliver the case from usury, the cause ought to go back for another trial.   From these facts it appears, that on the 24th of *October,* 1814, the plaintiff held a note against *Jarvis Platt,* indorsed by the defendant, which was usurious.(*a*)   At this time, *Platt* being in failing circumstances, the defendant, who does not appear to be privy to the usury, applied to the plaintiff, and requested the note against *Platt,* that he might secure its contents out of his estate.   That note was accordingly delivered to him for the purpose aforesaid, in consideration whereof, the note of the 24th of *October* was given by the defendant.   Now, the first question presented by this record, is, whether the note so given by the defendant, is usurious.   If not, it puts an end to the case ; but if this note is usurious, then a farther question arises.

I have formed a clear opinion, that the note in question was not usurious.   I cannot view this transaction in any other light than as a purchase of the note against *Platt*.   If the defendant had paid in cash, or exchanged other property for it, the purchase would not have been more manifest. Giving his own note was payment, as much so as to have paid in cash.   And the defendant did not take the note as one taken up and paid by an obligor ; but the case states expressly, that he received it for the purpose of securing its

(*a*) A former note had been given, and the then existing note had been substituted in its place ; but this circumstance makes no difference in the case, and may be laid out of it.

contents out of the estate of *Platt.* He received it, then, as a purchase, and paid a valuable consideration in his own note. Had *Platt* availed himself of a defence on the ground of usury, the defendant's remedy, if any, would be for the deceit practised in concealing the usury.

It has been said, that this case stands on the same ground as though the defendant had signed his name as co-obligor, and that he is virtually such ; but to my mind there is a manifest distinction. The indorser is not necessarily a party to the usury, and in a suit on the note, he cannot be permitted to appear and plead it. It has been said, indeed, and truly said, that in a suit against the indorser, founded on his indorsement, he may be permitted to avail himself of the usury. But this is not because the indorser is to be viewed in the light of a co-obligor, but it is because the defendant, in an action on an indorsement, has a right to defend on the ground of any defect in the plaintiff's cause of action. Were it duress, or any other defect, he would have the same right. This point was decided in the case of *Lloyd* v. *Keach, ante,* 175. and on these principles.

If I understand the argument, it is this, that an obligor, taking up a note, and giving a new one, cannot be viewed as a purchaser of the old note ; and that an indorser is in the same situation with an obligor. Hence, his note given for the old one must be viewed as a substitute for the old one. But will any gentleman seriously contend, that an indorser is not as much a distinct person, for the purpose of purchasing a note against the obligor, as any other ? Can he not own the property in a note indorsed by him, and bring forward a suit upon it as well as any other person ; and in case he gives his own note on such purchase, will it be seriously questioned whether this purchase is not on a new consideration entirely distinct from the old one ?

I am also perfectly clear, that on the supposition that the note I have been commenting upon was usurious, the usury was purged by the facts which occurred afterwards ; but on this point, as the Court appear to be unanimous, it becomes unnecessary for me to make any remarks.

BALDWIN and GODDARD, Js. were of the same opinion.

BRAINARD and HOSMER, Js. concurred in the opinion given by the Chief Justice.

GOULD, J.  I think, that that part of the plaintiff's evidence, which was offered to show, that the defendant had obtained satisfaction upon *Platt's* note, before the note now in suit was given, ought to have been received : But that the first part of the testimony, explaining the views, with which the defendant gave his first note (of *October* 24, 1814,) furnishes no answer to the defence, and was, therefore, properly rejected.  For I am decidedly of opinion, that *that* note was usurious.

It is admitted, that the prior note, given by *Platt*, and indorsed by the defendant, was infected with usury ; but the plaintiff contends, that the first note, given by the defendant, was not so.  Perhaps, no rule in the law is better established, than this : That if an instrument, contaminated with usury, is taken up, and a new one substituted by the parties, to secure to the lender, or creditor, the original loan, or debt ; the substituted, as well as the original, security, is usurious and void.  This rule was laid down as clear law by Lord *Kenyon*, in *Tate* v. *Wellings*, 3 *Term Rep.* 537., and *Cuthbert* v. *Haley*, 3 *Esp. Ca.* 22. ; and afterwards, by all the judges of the *King's Bench*, in the latter case.  8 *Term Rep.* 390.  The question, then, as to the defendant's first note, given on the 24th of *October*, 1814, is, whether it was a mere *substituted* security, for *Platt's* last note ; or, as the plaintiff contends, an original security, given in consideration of a *purchase* of that note, by the defendant.  To show that the transaction was, in substance, a purchase of *Platt's* note, the plaintiff's counsel stated, and offered evidence to prove, that *Platt's* note was taken up, and the defendant's first note given, at the request of the defendant himself, that he might secure himself against any eventual loss, as indorser, by enforcing the collection of the former note, out of *Platt's* property.  I should hold, however, for this very reason, that the first note, given by the defendant, was but a substituted security, (which was, of course, void ;) and therefore, that this part of the evidence ought to have been rejected, as it was.  For what was the object of this arrangement ?  To secure the defendant, as surety, or indorser, upon a note, confessedly usurious, *by compelling Platt to pay it ; i. e. by enforcing a usurious contract against the borrower*, the very mischief, which the statute was intended to prevent.  And when, in connexion with this fact, we

consider the relation, in which the defendant stood, to the other parties, there appears to me to be but little ground for dispute, as to the nature of the transaction. For he was not a *stranger*, volunteering in the purchase of an obligation; but a *party* to it, a guarantee for the payment of it. For the purpose of the argument, he stood precisely in the condition of a co-promissor, or a surety, who had underwritten his principal. As a party to *Platt's* note, he was in the plaintiff's power; and he gave his own, in exchange for it, by way of *substituting* one form of liability for another, with a view, indeed, to his own ultimate indemnification, but still, by *securing anew* the original usurious debt. He gave his first note, then, solely in consideration of the plaintiff's delivering up to him another, to which he was a *party*, and by which he was *already as much bound as Platt himself;* that is, as far as any party is ever bound, by an illegal contract. He was not, as to *Platt's* note, a payee, who had indorsed it to a stranger; but, as I have said already, a surety, and virtually a co-promissor, guaranteeing the payment of it to the usurious lender. And if he had been sued upon that note, he might, unquestionably, have pleaded usury, as an *original party* to the instrument. This, if I understand the argument at the bar, is conceded; but whether it is, or not, the rule is undeniable, that a surety, or guarantee, underwriting, indorsing, or lending his name in any other way, may take advantage of the defence of usury, whenever his principal might do it. This rule was established, by the superior court, many years ago, in the case of *Cowles* v. *Munson;* and has been so repeatedly adopted since, that a reference to individual cases would be useless. The *English* doctrine is the same. *Button* v. *Downham, Cro. Eliz.* 643. *Robinson* v. *May, Id.* 588. *Potkin's* case, 3 *Leon.* 63. *Button* v. *Droman, Mo.* 398. *Young* v. *Wright,* 1 *Campb.* 141. There is, then, no similarity between this transaction, and that of *purchasing* a third person's obligation. The defendant did not buy another man's note; but took up one, which was virtually given by *himself and Platt,* by substituting a sole security of his own. And it might as well be said, as in this case, that if *Platt,* instead of the defendant, had given the note of *October* 24th 1814, upon the same consideration; it would have been only a purchase of his own note.

The case of *Bearce* v. *Barstow*, 9 *Mass. Rep.* 45., is entirely foreign to the question. The transaction in dispute in that case, was neither the purchase of an obligation, nor the substitution of a new security, by a party to the original notes. The defendant was a *stranger* to the original security ; and the note, upon which he was sued, was given to secure the consideration of a *purchase of land* by himself, from the borrower. It was, in short, the common case of an obligation, given for land purchased. In that case, however, the rule is expressly recognized, that a new security, given by " *a party, otherwise liable*," upon the prior usurious obligation, would be void. The *Nisi Prius* case of *Turner* v. *Hulme*, 4 *Esp. Ca.* 11., before Lord *Kenyon*, has been strongly pressed for the plaintiffs. But that case was manifestly determined, upon the ground, that a party, who, upon being sued, pays or secures the debt demanded, instead of contesting it as illegal, is afterwards *estopped* to deny the legality of it, precisely as he would have been, if the suit had proceeded, and a *judgment* had been given against him. This is apparent from the reasons given for the decision : And the point had been twice before decided by the same judge, where, in one case, a defendant on being sued, and in the other, a party threatened with a distress, had respectively *paid* the demand, and afterwards attempted to call it in question. *Knibbs* v. *Hall*, 1 *Esp. Ca.* 84. *Brown* v. *M'Kinally*, *Id.* 279. Upon no other principle, at any rate, can the case of *Turner* v. *Hulme* be reconciled with the established and admitted rule, that a new security, substituted by the parties to a prior one, that is usurious, in consideration of the creditor's delivering up the original instrument, is itself infected with the usury. That case, therefore, is plainly irrelative.

With respect to the note now in suit, I was misled at the trial, by a mistake as to dates, having understood, that this note, like that of *October* 24th, 1814, was given *before* the defendant was claimed to have obtained *Platt's* property. I, therefore, considered both of them, as standing upon the same footing. But as I now find, that the evidence, relating to this part of the case, was offered to prove, that the note in suit was given *after* the defendant had received the property ; I am clear, that the question is the same, as that in *Scott* v. *Lewis.* For this last note must be considered, as having

*Hartford,*
November,
1817.

Botsford
*v.*
Sanford.

been given, in consideration of a *fund*, received beforehand by the defendant, for the purpose of satisfying *Platt's* second note ; which fund, as between the present parties, must be regarded as having been, virtually, the *plaintiff's* property, in the defendant's hands. Upon this ground it is, that the plaintiff's evidence, as to this part of the case, ought, in my opinion, to have been received.

As to the defendant's objection, that the record evidence of his title to the land, which he is said to have obtained from *Platt*, ought to have been produced, it is sufficient to say, that the *fact* of his having obtained payment, or satisfaction of *Platt's* note, is legally provable by his own confession. The manner of obtaining it, is not material. In that confession, according to the statement of the evidence offered, no *specific* property was mentioned ; but his declaration was, merely, that he had obtained satisfaction, by the levy of an execution upon *Platt's* " real and personal estate." By what court the execution was issued ; or in what place— whether in this state, or another—the property was found, the declaration of the defendant, as stated, did not point out. Where, then, is the plaintiff to seek for the record-evidence ? It would be too much to require such evidence at his hands.

New trial to be granted.