# Masterson *v.* Grubbs.

*Action on Promissory Note, by Payee against Maker.*

1. *Usury; effect of, and how pleaded.*—A usurious contract, which the statute declares "can not be enforced except as to the principal" (Code, § 2092), is not absolutely void, but only voidable to the extent of the interest; and the defense of usury, which is only allowed in equity on payment of the legal interest, must be specially pleaded at law.

2. *Same; renewal of note.*—The mere renewal of a note or other security, between the original parties to a usurious contract, does not purge the transaction of the taint of usury; but the illegal taint may be eliminated, by a renewal of the note after it has passed into the hands of a *bona fide* purchaser for value without notice, or by a reformation of the contract between the original parties, remitting the usury, and retaining only legal interest.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. H. C. SPEAKE.

This action was brought by Hartwell B. Grubbs, against Thomas Masterson and James E. Moore, as late partners doing business under the firm name of Masterson & Moore; was commenced on the 8th September, 1879, and was founded on the defendants' promissory note for $700, executed in their firm name, dated June 12th, 1878, and payable one day after date. Moore having died pending the suit, it was prosecuted to judgment against Masterson only, who pleaded specially, among other things, that the note was founded on a usurious consideration; and issue was joined on this plea, with others. On the trial, as the bill of exceptions states, it was proved that, on the 25th December, 1875, Masterson & Moore as partners, being indebted to plaintiff, executed to him their bond, or promissory note under seal, for that sum, payable twelve months after date, with interest from date at the rate of twelve and a half per cent. *per annum;* and that the note sued on was given in renewal of that note, or on settlement of that note and other matters of account between the parties. That settlement, it was proved, was made between the plaintiff and Moore, Masterson not being present; and the defendant adduced as evidence a memorandum in Moore's handwriting, tending to show by arithmetical calculation that one or more small payments of interest were included in the settlement. "The plaintiff offered evidence tending to show that no usurious interest was calculated upon said $600 note on said settlement; that he told Moore, at the time of the settlement, that he (Moore)

[Masterson v. Grubbs.]

was not able to pay twelve, nor even ten per cent. interest, and that all he (plaintiff) wanted was legal interest; that he did not collect any usurious interest, and none was embraced in said note sued on, and, according to his best recollection, none was in fact embraced in said note." On this evidence, the defendant asked the court to give the following charge to the jury, which was in writing: "That the $600 note stating on its face that it bears interest at the rate of twelve and a half per cent., makes it usurious; and if it was the consideration of the note now sued on, it would make that note usurious." The court refused to give this charge, "except with the qualification, that the jury must find, also, that such illegal or usurious interest embraced and formed a part of the consideration of the note sued on." The defendant excepted to the refusal of the charge as asked, and he here assigns its refusal as error.

D. P. Lewis, and W. P. Chitwood, for appellant.—The stipulation for the payment of illegal interest, in the note for $600, rendered it usurious, whether any usury was paid or not; and all payments of interest on that note are to be credited on the principal.—Tyler on Usury, 101–10; Bank v. Waggener, 9 Peters, 340, 399; Matlock v. Mallory, 19 Ala. 694; Faris v. King, 1 Stew. 255; Wright v. Elliott, 1 Stew. 391; Metcalf v. Watkins, 1 Porter, 57; Hanrick v. Andrews, 9 Porter, 9; Bazemore v. Wilder, 10 Ala. 773; Lloyd v. Pace, 10 Ala. 637; Ely v. McClung, 4 Porter, 128; Jackson v. Jones, 13 Ala. 121; Hunt v. Acre, 28 Ala. 580. The giving of the new note, and the facts connected with the settlement as testified to by the plaintiff, did not purge the contract of the taint of usury.—Tyler on Usury, 347–50, 388, 396; Dewolf v. Johnson, 10 Wheaton, 391; Pearson v. Bailey, 23 Ala. 537; Jackson v. Jones, 13 Ala. 126; 14 Ala. 186; 8 Term Rep. 390; Warren v. Crabtree, 1 Am. Decisions, 51.

SOMERVILLE, J.—Usurious contracts are not absolutely void, under the statutes of this State; they are only voidable, to the extent of the interest. The language of the statute is, that they "can not be enforced, except as to the principal." Code, 1876, § 2092. The plea of usury is regarded by the courts as a defense entirely personal, and can not be set up by a stranger to the contract, but only by the parties or their legal representatives.—McGuire v. Van Pelt, 55 Ala. 344; Griel v. Lehman, 59 Ala. 419. It is not favored in courts of equity, so that the rule has become uniform now for these courts to require complainants, who seek relief from usurious interest, to do equity by paying the legal rate of interest, without which they are not permitted to obtain the relief sought.—Eslava v. Cramp-

[Masterson v. Grubbs.]

*ton*,. 61 Ala. 507; *Pearson v. Bailey*, 23 Ala. 537. This court has held, furthermore, that the defense of usury must be specially pleaded, and is not available under the general issue. *Bradford v. Daniel*, 65 Ala. 133.

While these principles illustrate the general policy of our laws regulating the subject of usury, it is well settled, both in this State and elsewhere, that the mere renewal of a note or other security, between the same parties, does not purge the original transaction of the taint of usury.—*King v. Perry Ins. & Trust Co.*, 57 Ala. 118; *Eslava v. Crampton*, 61 Ala. 507; Tyler on Usury, 396. The renewed instrument is considered as still vitiated by the usury of the original indebtedness.—1 Jones Mortg. § 634.

The illegal taint can be purged, or eliminated, however, in either of two ways: *first*, by a renewal of the note or contract, after it has passed into the hands of a *bona fide* purchaser for value, without notice of the usury; *secondly*, by a reformation of the contract, by which the *usurious interest is expunged* by remitting the excess, and only lawful interest is retained or exacted.—*McCullough v. Mitchell*, 64 Ala. 250, 253, and cases cited; 2 Parsons on Bills & Notes, 420; *Hammond v. Hopping*, 13 Wend. 505; *Dewolf v. Johnson*, 10 Wheat. 367; *Chadbourn v. Watts*, 10 Mass. 121; *Scott v. Lewis*, 2 Conn. 132.

The latter principle, permitting the expurgation of the usurious taint by reformation, is the one chiefly affecting this case, and is fully sustained by the authorities above cited. It, moreover, harmonizes with the doctrine, now universally recognized, that the whole question of usury is one which depends very greatly upon the *intent* of the parties to the contract.—*Uhlfelder v. Carter*, 64 Ala. 527; 1 Jones Mortg. § 634. The first note given by appellant in this case, which was for the sum of six hundred dollars, was confessedly usurious, the interest on it being at the rate of twelve and a half *per cent. per annum*. If, as the evidence tends strongly to show, this usurious note was reduced to the lawful rate of eight *per cent.*, and the usury of the first note was expunged entirely on taking the note in suit, then the plea of usury in this action can not be sustained—*McClure v. Williams*, 2 Vt. 210; *Miller v. Hull*, 4 Denio, 164.

The charge requested by appellant, and refused by the court, withdrew the consideration of this fact from the jury, and ignored the evidence by which it was supported. It assumed that the usurious taint of the original transaction still adhered to the second or reformed note, and had never been removed. The charge tended to mislead the jury, therefore, and was properly refused.—*McAdory v. The State*, 59 Ala. 92; *Gordon v. The State*, 55 Ala. 178; *Wyatt v. Stewart*, 34 Ala. 716.

Affirmed.