# Speakman *v.* Oaks.

|     |     |
| --- | --- |
| 97  | 503 |
| 103 | 300 |

*Bill to Enjoin Sale under Mortgage and for Account.*

1. *Attorney's fee for foreclosing mortgage* —A provision in a mortgage for attorney's fees incurred in collecting the debt or foreclosing the mortgage, is available to the mortgagee in a suit by the mortgagor to enjoin a sale under the power in the mortgage, and such fee is properly allowed in a decree foreclosing the mortgage.

2. *Costs taxed at discretion of chancellor.*—In a suit to enjoin a sale under a power in the mortgage, to obtain relief from usury, and to exonerate the mortgaged land from half the debt secured, the chancellor properly exercised his discretion in taxing the costs against the mortgagee on his failure to sustain all the allegations of his bill.

3. *Estoppel from pleading usury.*—One assuming and securing the debt of another, whereby he obtains credit to the full amount of the obligation assumed on his debt to the latter, can not avail himself of credits for usurious interest paid before he assumed the debt to the creditor holding the security.

[Speakman v. Oaks.]

APPEAL from Cullman Chancery Court.
Heard before Hon. THOMAS COBBS.

W. T. L. COFER, for appellant. No brief came to hands of
Reporter.

GEO. H. PARKER, for appellee, insisted that one seeking
equity must do equity, citing *Dawson v. Burrus*, 73 Ala. 115;
*Eslava v. Elmore*, 50 Ala. 587; *Uhfelder v. Carter*, 64 Ala. 527.
That the court had jurisdiction to order the sale.—1 Brick.
Dig. p. 639, § 5; *Ib.* p. 331, §§ 10-11; *Price v. Curry*, 75 Ala.
546; *Ware v. Russell*, 70 Ala. 174; as to the costs, *Gray v.
Gray*, 15 Ala. 779; *Randolph v. Rosser*, 7 Port. 249; *Hunt v.
Lewin*, 4 Stew & P. 138.

COLEMAN, J.—On the 13th day of August, 1885, the
complainant Speakman and W. C. Wilhite executed their
promissory note to Joshua Oaks for two hundred and forty-
two 10-100 dollars, due and payable the first of December
after date. A mortgage on certain lands was executed to
secure the payment of this note. The mortgage reads as
follows: "That for and in consideration of Wm. J. Speak-
man and his wife Mary Speakman, the grantors in this con-
veyance, being indebted to Joshua Oaks in the sum of $242.10,
evidenced by certain promissory notes," &c. The condition in
the mortgage is, "that if said grantors pay or cause to be paid
said note at maturity." "In witness whereof, the said grant-
ors have hereunto set their hands and seals." The mortgage
was signed by Speakman and wife, and also by W. C. Wil-
hite and wife. Except for the statement in the mortgage,
after describing the lands of Speakman, the words "also W.
C. Wilhite's land, 35 acres in N. E. quarter of N. W. quarter
of section 36, township 8, range 4 west," there is no refer-
ence, expressly or by implication, anywhere in the body of
the instrument that Wilhite is a party to it. The mortgage
provides for the payment of "attorney's fees incurred in col-
lecting the debt or in foreclosing the mortgage," &c. Default
having been made in the payment of the debt, the mort-
gagee, under a power ganted in the mortgage, advertised for
a foreclosure. The present bill was filed to enjoin the sale
and for an account.

The bill avers that, by the agreement between complain-
ant and respondent Joshua Oaks, the complainant was to
pay only one half the debt secured by the mortgage, and W.
C. Wilhite the other half. It avers payment of a part of the
debt, and a tender by him of the balance of one half of the
Vol. 97.

[Speakman v, Oaks.]

debt. The tender is accompanied by a payment into court of one hundred and ten dollars, and an offer to pay any other amount that may be found due from him upon a reference. The bill avers usury as a part of the consideration of the note for two hundred and fifty-two dollars.

The demurrer to the bill was not adjudicated, and we presume it was waived.

The answer denied all the material allegations of the bill upon which complainant relied for relief, except that of usury. The answer admitted the charge of usury, but stated that he had offered to accept the principal of his debt, with legal interest, and in the answer claimed no more than legal interest. The answer further averred, that complainant was bound for the whole debt. The evidence tends to establish the facts of the transaction, to be as follows : That one C. B. Wilhite, borrowed from Joshua Oaks three hundred dollars, which amount was to bear interest at the rate of fifteen per cent; that on or prior to the 13th of August, 1885, C. B. Wilhite, reduced the loan to two hundred and forty two $\frac{10}{100}$ dollars, that by an arrangement made between complainant and W. C. Wilhite, and C. B. Wilhite, the two former, assumed the latter's debt to Joshua Oaks, and upon this agreement, executed the promissory note in question payable to Oaks, and secured the same by the mortgage ; that Oaks was not a party to this agreement further than to accept the note and mortgage, and to release C. B. Wilhite, and accepted the payment of twelve and a half per cent. interest on the note.

The chancellor ordered a reference and directed the register to state an account between the complainant and the defendant. In stating the account, the register was directed to begin with the original loan of three hundred dollars, and compute only legal interest, and to credit all payments, and report the balance due and also a reasonable attorney's fee as provided for in the mortgage. The register reported that complainant was indebted to the respondent, stating the amount, and also reported what would be a reasonable attorney's fee.

The chancellor credited the amount ascertained to be due with the amount paid into court, directed the payment of this sum to respondent, allowed the attorneys' fee reported by the register, and decreed a foreclosure of the mortgage, and the sale of the land belonging to complainant, unless the debt and cost was paid within thirty days, and taxed complainant with the cost of suit.

The principle of law raised by the assignment of error

[Klein v. Miller.]

may be briefly stated. As to the taxation of the cost, that is largely in the discretion of the Chancery Court. We think the discretion properly exercised in this case. Although the mortgage provides for the payment of an attorney's fee incurred in the collection of the note, upon a bill filed as in the present case the court has power to decree a foreclosure of the mortgage for the benefit of the mortgagee.—*Eslava v. Crampton*, 61 Ala. 507; *Mooney v. Walter*, 69 Ala. 76.

Whether the debt be collected by a foreclosure under the power of sale contained in the mortgage or a decree of the court, the provision securing an attorney's fee is equally available to the mortgagee.

The evidence satisfactorily shows that complainant assumed to pay the note of two hundred and forty dollars, for a valuable consideration. He was not entitled to the benefit of a reduction on account of the usurious interest paid by C. B. Wilhite to respondent. In this respect the decree of the chancellor was too favorable to complainant. He was charged only eight *per centum* on the amount of the debt assumed by him. In this there was no error. Pretermitting the fact that the body of the mortgage nowhere shows that W. C. Wilhite is a grantor and the further fact that Joshua Oaks was not a party to the arrangement made by complainant and the Wilhites, the proof satisfactorily shows that in equity and good consciences, only the lands of complainant should be first condemned to the payment of the decree, and cost of suit.—*Gaston v. Weir*, 84 Ala. 196.

There is no error in the record available to the appellant.
Affirmed.