# Nicrosi *v.* Walker *et al.*

*Bill in Equity to foreclose Mortgage.*

1. *Usury; when contract not purged of taint of usury.*—Where a contract is usurious in its inception, and after one payment of usurious interest is made on the debt an extension is granted, and it was agreed between the parties that thereafter only legal interest should be paid, but there was no restitution of the usurious interest which had been previously paid, such agreement of extension does not purge the transaction of the taint of usury; and if the subsequent payments in pursuance of the agreement of extension were sufficient to satisfy the debt due after the payment of the first usurious interest, said debt thereby became extinguished.

[Nicrosi v. Walker *et al.*]

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by the appellant, John B. Nicrosi, against Hal T. Walker and his wife, Bessie W. Walker, to foreclose a mortgage given by the defendants to secure a debt for the loan of money. The defendants filed a special plea setting up usury and averred the payment of the indebtedness. The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

On the final submission of the cause on the pleadings and proof, the chancellor was of the opinion that the plea of usury had been sustained, that all payments of interest on the note should be applied to the principal, and that when so applied the principal had been paid in full; and, therefore, decreed that the complainant was not entitled to the relief prayed for, and ordered his bill dismissed.

From this decree the complainant appeals, and assigns the rendition thereof as error.

THOS. H. WATTS, for appellant.—The law authorizes the deduction from the principal of the *usurious* interest paid, not the deduction of *all* interest paid.—Code, 1896, section 2630. The law does not authorize the elimination or extinguishment of the principal because usurious interest for one or more years has been paid. The usurious interest *paid,* not the usurious interest contracted for, is all that can be deducted.—*Masterson v. Grubb,* 70 Ala. 408.

GUNTER & GUNTER, *contra.*—The case of *Masterson v. Grubb,* 70 Ala. 408, cited by the appellant's counsel, is an authority to show that the transaction in this case was not purged of usury.

The case before the court is a loan at usurious interest on a note at one year, a collection of usury for one or *more years,* and after that of legal interest on the *full* amount of the *original* loan, and a suit on the original

note and debt, with a plea of usury. There appears to be no question that the ruling of the lower court is correct.

DOWDELL, J.—The purpose of the bill in this case was the foreclosure of a mortgage given by appellees to secure a debt for a loan of money. It is admitted that the contract was usurious in its inception, and it is further admitted that one payment of usurious interest was made on the debt. After this payment was made an extension was granted, the parties agreeing that thereafter only legal interest should be paid. It is now contended by the appellant that such agreement and extension purged the contract of the taint of usury, except on the first payment of interest which was usurious and which he says should have been applied as a credit on, and *pro tanto* a reduction of, the principal debt. The parties, however, did not do this in their agreement of extension.

The loan was for $1,500 and for one year, the note was for $1,650, ten per cent. per annum on the amount of the loan being calculated and included in the note. At the maturity of the note, $150.00, the amount of the interest on the loan was paid, and thereafter under the extension agreement, $120.00 was paid annually as and for interest at 8 per cent. on the original loan of $1,500. Applying the theory of appellant, the first payment of usurious interest of $150.00, when applied as a payment on the original loan of $1,500.00, would reduce the principal debt to $1,350.00, and the charge thereafter, and taking of $120.00 per annum as interest, was in excess of the legal rate of 8 per cent. per annum. It is well settled that the mere renewal of a note between the same parties does not purge the original transaction of the taint of usury. In *Masterson v. Grubbs*, 70 Ala. 406, it is said: "The illegal taint (of usury) can be purged, or eliminated, however, in either of two ways; *first*, by a renewal of the note or contract, after it has passed into the hands of a *bona fide* purchaser for value, without notice of the usury; *secondly*, by a reformation of the contract, by which the *usurious interest is expunged* by remitting the excess, and only lawful interest is retained or exacted." Here there was no *bona fide* purchase for value without notice

[Lancaster, Judge, &c. v. Gafford.]

of the usury; the parties to the contract remained the same. It is, therefore, evident that the case does not come under the first class above mentioned. There was no reformation of the contract, unless it can be said that the agreement of extension after maturity of the note at legal rate of interest amounted to a reformation. Nor was there any restitution of the usurious interest which was paid. So it is equally clear that the case does not come under the second class. The contract being usurious, and that defense being set up, under the law all payments are to be applied to the principal debt, and it is wholly immaterial that the payments when made were termed and made as *interest* on the debt. Under the facts the plea of usury was fully sustained, and the court below so ruled. If the payments which were made subsequent and pursuant to the agreement of extension, had not been made, and suit had been brought on the note, it would hardly be contended under a plea of usury where there had been no restitution of the usurious interest paid, when the agreement as to extension was made, that any more than the balance of the principal debt after crediting the same with the $150.00 paid, could have been recovered, and that would have been $1,350.00. The subsequent payment equaled this amount, which satisfied the debt.

The decree will be affirmed.