# Carleton *v.* Kimbrough.

## *Detinue.*

(Decided May 7, 1907.  43 So. Rep. 817.)

1. *Landlord and Tenant; Renting on Shares; Lien; Mortgages.*— Section 1064, Code 1896, applies only to those who will have the legal title after the crop is planted and one who furnishes the labor while the other furnishes the land and team to cultivate the same has only a lien on the crop grown, under section 2712, Code 1896, and cannot mortgage it.

2. *Detinue; Claim by Third Persons; Statute.*—Where the original defendant in detinue disclaims and suggests another as the claimant of the property and such third person appears and gives bond such person becomes the real party defendant within section 3624, Code 1896 although no affidavit is filed.

[Carleton v. Kimbrough.]

APPEAL from Clarke Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by J. W. Kimbrough against Kate Grayson, in which Crissie Carleton appeared and became the real party defendant. From a judgment for plaintiff, Crissie Carleton appeals . Reversed and remanded.

WM. JAS. JOHNSON, for appellant.—Plea 1 was a complete answer to the complaint.—*Jordan v. Lindsey*, 132 Ala. 569; *Peyton v. Bellinger*, 87 Ala. 575. The second plea was a good defense and should have been allowed. —*Behr v. Gerson*, 95 Ala. 438; 72 Ala. 347. Out of the relation of employer and employee no title to Kate to the crop or any portion of it could be evolved.—132 Ala. 569; 138 Ala. 267. A mortgage on subsequently acquired property, unless it is the increase or product of something already owned, confers no specific lien.— *Peyton v. Bellinger, supra; Burns v. Campbell*, 71 Ala. 288; 69 Ala. 406. The court erred in sustaining objection to the introduction in evidence of the mortgage from Carleton to Gunn.—Section 2712, Code 1896. The lien for labor was subordinate to this mortgage.—Section 2763, Code 1896. The defendant can set up a superior outstanding title with which he connects himself. —*Behr v. Gerson, supra.* The court erred in refusing the charges requested by appellant.—*Farrow v. Woolsey & Jordan*, 138 Ala. 267.

F. E. POOLE, for appellee.—The appeal should have been dismissed, as claimant failed to file her claim in writing verified by affidavit in the justice court and this is the only order this court can make.—*House v. West*, 108 Ala. 255; *Catchings v. Bowdoin*, 89 Ala. 604; *Mobile Ins. Co. v. Teague*, 78 Ala. 147; *Graham v. Humes*, 77 Ala. 590. This court has the power to render judgment if appellant's theory is correct.—Section 475, Code 1896; 15 South. 527.

ANDERSON, J.—The plaintiff brought an action of detinue for one bale of cotton against Kate Grayson. The defendant disclaimed under section 2634 of the

[Carleton v. Kimbrough.]

Code of 1896, and suggested Crissie Carleton, the appellant, as the right defendant. Crissie Carleton appeared and gave bond as is required by the statute, and thus became the real and only party defendant to said action of detinue.

The plaintiff, in order to receover, was put to proof of the legal title, which he attempted by introducing a mortgage given to him by the said Grayson. The undisputed evidence shows that Carleton furnished the land and team and Grayson the labor. Therefore, under section 2712 of the Code of 1896, Grayson, the mortgagor, had but a lien, and not such a property in the cotton as to convey a legal title to Kimbrough under the mortgage, and the trial court erred in not excluding the mortgage upon motion of the appellant. Section 1064, making mortgages on unplanted crops given after the 1st of January good conveyances of the legal title, applies to those who would have the legal title after the crop was planted, and not mere lienors.

It is insisted by counsel for appellee that any ruling of the court against the appellant was error without injury, as she had no standing in court, and that the trial court erred in not dismissing her claim, because she had filed no affidavit. The authorities cited apply to the trial of the right of property, where affidavit is required by claimant to give jurisdiction. There is no such requirement under section 2634 of the Code of 1896 as to the suggested defendant in detinue.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.