# Thompson, *et al.* *v.* Aetna L. I. Co.

### *Bill to Construe a Will.*

#### (Decided May 20, 1909.  49 South. 802.)

*Wills; Construction; Insurance Policy.*—Insured took out policies on his life in which upon delivery his then wife and children took a vested interest. The wife died before the insured leaving him by will her interest in the insurance policy, and the insured died subsequently and by will bequeathed all his estate to his second wife, who survived him. Under such a state of facts the interests of the first wife in the life policy passed to the insured under her will, and by his will, his interest therein passed to his second wife just as any other personal assets of his estate.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

[Thompson, et al. v. Aetna L. I. Co.]

Bill by the Aetna Life Insurance Company against the heirs of Thompson, asking the construction of a will and praying to be directed as to the payment of the policy on the life of Thompson. From a decree adverse to Della K. Thompson and others, they appeal. Reversed and remanded.

TROTTER & ODELL, for appellant. By the terms of the policy the beneficiaries were fixed at the time of its issuance, and the rights thereunder became vested, and by virtue of the will of M. S. Thompson, the said John M. Thompson became entitled to a one-fifth interest in the policy, which passed to Della K. Thompson individually.—*Drake v. Stone*, 58 Ala. 122; 3 A. & E. Ency of Law, pp. 980-989.

TILLMAN, GRUBB, BRADLEY & MORROW, and J. E. CREWS, for appellee. In order for the second wife to acquire any interest in the proceeds of the policy it is necessary that the vested interest of the original beneficiaries, or some of them should be divested. It is not divested by the death of the beneficiary but passes by descent or succession, as any other asset, hence, neither the death of the first wife, nor of the daughter had any effect to vest their interest in the second wife.—*Drake v. Stone*, 58 Ala. 136; *Williams v. Williams*, 68 Ala. 466; *Waldron v. Waldron*, 76 Ala. 288; *Woodward v. Aetna L. I. Co.*, 45 South. 417.

McCLELLAN, J.—The facts of this case may be found aptly stated in *Woodworth v. Aetna Life Ins. Co.*, 154 Ala. 342, 45 South. 417. It was ruled on that appeal that the wife and children of John M. Thompson, at the time the policies were delivered, took vested interests in such policies, and upon the death of any of them the interest of such an one passed by descent

or succession as would any other personal asset. The will of the first Mrs. Thompson, dying as she did before the insured, affected to invest John M. Thompson with a one-fifth of one-fifth interest in such policies, which, when he died, was subject to distribution as any other personal asset of his estate, unless controlled in disposition by will duly executed by him. He appears to have executed a will, and to have bequeathed all his estate to the appellant, his second wife. If therefore results that Della Keys Thompson, under such will, became and is entitled to one-fifth of one-fifth of the proceeds of such policies, being the one-fifth of one-fifth bequeathed by M. S. Thompson to John M. Thompson, and by him bequeathed to Della Keys Thompson. The decree did not so conclude, and must therefore be reversed. The cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.