(96 South. 573)

## HODGES v. WESTMORELAND.
### (8 Div. 551.)

(Supreme Court of Alabama. May 17, 1923.)

**1. Usury ⊛126—Stranger to transaction cannot plead that contract was usurious.**

Usury is a personal defense available to the party, or his representatives, sought to be bound by the contract tainted therewith, and strangers to the transaction cannot plead and prove the contract was usurious.

**2. Trover and conversion ⊛23—Equitable title insufficient to sustain or defeat action in trover.**

An equitable title is not sufficient to sustain or defeat action for the recovery of personal property or in trover for the value thereof.

**3. Chattel mortgages ⊛219—Mortgagee, permitting sale of crop for landlord's benefit, cannot complain if latter's title in crop unextinguished.**

The mortgagee of the laborer or tenant cannot complain in trover of a sale of a portion of the crop sold with his permission, for the benefit of the landlord, or owner of the land, so long as the latter's title or interest in the crop exists or is unextinguished.

**4. Trover and conversion ⊛34(5)—Evidence in reduction of damages admissible under general issue.**

In action for conversion of cotton claimed by plaintiff, evidence in reduction of damages was admissible under the general issue.

**5. Evidence ⊛16—Court takes judicial knowledge that indorsement on check, "Paid 11—3—20," was of payment November 3, 1920.**

Judicial knowledge is taken that an indorsement on check, "Paid 11—3—20," was of payment on November 3, 1920.

**6. Chattel mortgages ⊛229(1)—Measure of damages in trover where plaintiff's title based on chattel mortgage stated.**

In action in trover, when plaintiff's title is based on a chattel mortgage, the measure of damages is the value of the property at time of the conversion, but, if there was fluctuation in value afterwards, the jury may fix the value of the higher or highest price between conversion and trial.

**7. Payment ⊛65(1)—Prima facie presumption that check given in payment was paid to last indorser.**

Where a check given in payment for cotton was paid after several indorsements were affixed thereto, the prima facie presumption is that payment was made to the last indorser.

**8. Chattel mortgages ⊛229(3)—Excluding evidence of check claimed as given by defendant in payment of cotton alleged converted held error.**

In action by mortgagee for conversion of cotton, it was error to exclude evidence of check given for the purchase price of one bale of cotton to the mortgagor, which check was indorsed by mortgagor and subsequently indorsed by plaintiff; the evidence being for the jury as to whether it showed a payment on the debt or its reduction pro tanto.

**9. Chattel mortgages ⊛229(1)—Mortgagee, receiving proceeds of sale of cotton from mortgagor, cannot maintain conversion against purchaser from mortgagor.**

A mortgagee of cotton cannot recover the proceeds of the sale of one of the bales covered by his mortgage from the purchaser, and at the same time hold purchaser liable for its conversion in its sale and purchase from which he received the proceeds; his damages being reduced to that extent.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action by W. D. Westmoreland against Davis Hodges. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

The complaint alleges that the plaintiff is the holder of a mortgage executed March 10, 1920, by J. C. Sparks, covering the crop raised by Sparks during the year 1920, to secure a note for $216, due December 1, 1920, which said mortgage is unpaid. It is further alleged that Sparks raised a crop during the year 1920, and that in October or November defendant removed or converted to his own use "three bales of said cotton," or commingled the same with other cotton so that the same could not be identified, whereby the lien of plaintiff's mortgage was lost.

<hr>

⊛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Plea 2 asserts, in substance, that the plaintiff's claim is founded upon a mortgage given to plaintiff by Sparks to secure a loan for $200; that Sparks agreed to pay plaintiff $16 interest on said loan from March 10 to December 1, 1920; and that the mortgage is therefore void, for all sums in excess of $200, because of usury.

Pleas 3 and 4 are as follows:

"(3) The defendant further says that two bales of this cotton which is the subject-matter of this suit was grown on land which one J. C. Sparks rented from one T. Crow, on, to wit, October, 1919; that after the said Sparks made the rental contract with the said Crow, said Sparks executed to T. H. (Herbert) Hughes and F. F. Tidwell, partners under the firm name and style of Hughes & Tidwell, a mortgage conveying to them the crops to be grown by said Sparks, during the year 1920; that the amount of said mortgage was $165; that said mortgage was executed to said parties under the name of Hughes & Tidwell; that the said T. H. (Herbert) Hughes and F. F. Tidwell, partners, as aforesaid, instituted a suit against this defendant in the Morgan county court of Morgan county, Ala., to recover of this defendant for the conversion of the cotton involved in this suit, and that they recovered a judgment in said suit in the sum of $300; that the foundation of said suit was the said mortgage of $165 hereinabove described and other mortgages, and that this defendant has paid and satisfied said judgment, and the defendant says that he is entitled to credit on the sum here claimed by the plaintiff for all sums included in said judgment in favor of said Hughes & Tidwell for said two bales of cotton so raised on the land of said T. Crow, or is entitled to a credit on said sum for the amount of said mortgage of $165, together with the interest thereon; that plaintiff claims title to the cotton sued for under and by virtue of a mortgage executed to him by the said J. C. Sparks, on, to wit, March 10, 1920, for the sum of $216, and which mortgage became due and payable on December 1, 1920; that the summons and complaint in said cause was filed prior to the summons and complaint in this cause.

"(4) The defendant says that two bales of the cotton, the subject-matter of this suit, were grown on land belonging to one T. Crow, and that said T. Crow rented said land to one J. C. Sparks, and that the said J. C. Sparks agreed to pay the said T. Crow one-fourth of the cotton raised on said land for the rent thereof, and that one-fourth of said two bales of cotton so purchased by his defendant from the said Sparks was grown on the land of the said T. Crow; that plaintiffs claim title to said cotton under and by virtue of a mortgage executed to them by the said Sparks, that said cotton was sold to this defendant by the said Sparks by and with the consent of the said T. Crow and with the understanding that one-fourth of the cotton or the proceeds of the sale thereof was to be paid to the said T. Crow, and that one-fourth of the proceeds of the sale thereof were paid to the said Crow, and that one-fourth of the proceeds of said cotton was, to wit, $53.22, and this defendant is entitled to credit on the sum here sued for to the extent of the payment so made to the said Crow."

Tennis Tidwell, of Albany, for appellant.

The plaintiff was not entitled to recover any interest, the mortgage being tainted with usury. Defendant was entitled to this defense. Barclift v. Fields, 145 Ala. 264, 41 South. 84; Ford v. Washington, etc., 10 Idaho, 30, 76 Pac. 1010, 109 Am. St. Rep. 192; 39 Cyc. 1067. Where a tenant has permission from the landlord to sell cotton, and where the proceeds are paid to the landlord as rent, to the extent of the landlord's rent there can be no conversion by the purchaser of which a mortgagee can complain. Beall v. Folmar, 122 Ala. 414, 26 South. 1. If the value of the property converted was in excess of the mortgage debt and interest, the measure of appellee's recovery was the amount of the debt and interest; if the value of the property was less than the mortgage debt and interest, the measure of recovery was the value of the property. Jones v. White, 189 Ala. 622, 66 South. 605; Ryan v. Young, 147 Ala. 660, 41 South. 954; McDaniel v. Sullivan, 144 Ala. 583, 39 South. 355. Where, before the trial of an action of trover, plaintiff regains possession of the property or any part thereof, the value of this property should be estimated in the reduction of damages. The check offered with appellee's indorsement should have been admitted. Renfro's Adm'x v. Hughes, 69 Ala. 581; Stephenson v. Wright, 111 Ala. 579, 20 South. 622; Semple v. Yielding, 16 Ala. App. 584, 80 South. 158.

G. O. Chenault, of Albany, for appellee.

The defense of usury is personal. Eslava v. N. Y., etc., Ass'n, 121 Ala. 480, 25 South. 1013. The matter of plea 3 was admissible under the general issue. An action for conversion will not lie in favor of one holding merely an equitable title. Beall v. Folmar, 122 Ala. 414, 26 South. 1; 38 Cyc. 2072; Marks v. Robinson, 82 Ala. 79, 2 South. 292; 38 Cyc. 2049. The defense set up in plea four was not available to this defendant. Keith v. Ham, 89 Ala. 591, 7 South. 234; Smith v. Hilton, 147 Ala. 645, 41 South. 747; Mutual Warehouse Co. v. Hamilton, 171 Ala. 85, 55 South. 116; Bird v. Womack, 69 Ala. 390; Tallassee Falls Co. v. Bank, 159 Ala. 317, 49 South. 246. Not all the ingredients of a legal payment are shown by the check offered. 30 Cyc. 1181.

THOMAS, J. The suit is in two counts, for conversion of personalty and for the destruction of a lien. The sufficiency of the count, in case, for the destruction of the lien, is not controverted, and nothing is decided as to this. There was judgment for plaintiff.

Assignments of error challenge the sustaining of demurrer to plea 2 and the rul-

ings in rejection of evidence. Appellant's counsel says that these rulings present the same question: The right of plaintiff to recover from the defendant usurious interest included· in the mortgage, upon which the suit is based. The questions: "Westmoreland only loaned approximately $200?" and, "The amount was $200, and the interest amounting to $16 was included in the mortgage?" were intended to elicit the fact that $16 interest was charged on a loan of $200 and added to the face of the mortgage, dated March 10, 1920, and due December 1, 1920. The mortgage, executed by J. C. Sparks to W. D. Westmoreland, embraced the crop to be "raised" by the 'mortgagor, "his family, or hands during the year 1920" on lands rented from one Crow. The respective objections to said questions being sustained, due exceptions were reserved.

[1] Usury is a personal defense available to the party, or his representatives or heirs at law, sought to be bound by the contract tainted therewith. A stranger to the transaction will not be allowed to plead and prove that ·the contract was usurious. There are many applications by this court of this rule. McGuire v. Van Pelt, 55 Ala. 344; Bernheimer v. Gray, 201 Ala. 462, 78 South. 840; Griel Bros. v. Lehman, Durr & Co., 59 Ala. 419; Masterson v. Grubbs, 70 Ala. 406; Moses Bros. v. Home, etc., Ass'n, 100 Ala. 465, 14 South. 412; Stickney v. Moore, 108 Ala. 590, 19 South. 76; Eslava v. N. Y. Nat. B. & L. Ass'n, 121 Ala. 480, 25 South. 1013; Nance v. Gray, 143 Ala. 234, 38 South. 916, 5 Ann. Cas. 55; Speakman v. Oaks, 97 Ala. 503, 11 South. 836; Welsh v. Coley, 82 Ala. 363, 2 South. 733. The case of Barclift v. Fields, 145 Ala. 264, 41 South. 84, relied upon by appellant, was a bill filed by the mortgagor to enjoin a foreclosure sale and for redemption. The observations therein contained are without application to the instant rulings, sustaining demurrer to plea 2 and sustaining objections to the foregoing questions. There was no error.

[2] The action of the trial court in sustaining demurrers to pleas 3 and 4 is challenged. The demurrer was well assigned to plea 3. An equitable title is not sufficient to sustain or defeat an appropriate action for the recovery of personal property or in trover for the value thereof. Hicks v. Meadows, 193 Ala. 246, 69 South. 432; Crow v. Beck, 208 Ala. 444, 94 South. 580; Tucker v. Speer, 202 Ala. 604, 81 South. 546; Carleton v. Kimbrough, 150 Ala. 618, 43 South. 817. Moreover, the judgment sought to be set up was res inter alios acta as to defendant.

[3, 4] The legal title or superior lien to the crop on Crow's lands, as between the landlord and tenant or the landowner and laborer cultivating the same and raising the cotton in question, was in Crow; the tenant or laborer only having a lien thereon or title subject to the landlord's superior lien.

As the mortgagee of Sparks—the tenant or laborer, as the case may be—Westmoreland, therefore, had only a claim on the part of the crop which was in subordination to Crow's superior lien or title. It follows that Hodges had the right, in diminution of the damages claimed of him for the purchase of the cotton, to show what portion of the proceeds of the sale of the cotton (raised on Crow's land) was paid to Crow in the discharge or extinguishment of the latter's superior claim or title. The mortgagee of the laborer or the tenant cannot' complain in trover of a sale of a portion of the crop sold with his permission, for the benefit of the landlord, or the owner of the land, so long as the latter's title or interest in the crop exists or is unextinguished. Crow v. Beck, supra; Beall v. Folmar Sons & Co., 122 Ala. 414, 26 South. 1; Bush & Co. v. Willis, 130 Ala. 395, 399, 30 South. 443; Pinckard v. Cassels, 195 Ala. 353, 357, 70 South. 153. Evidence in reduction of damages may have been given under the general issue.

[5-8] Assignments of error present for review the action of the trial court in declining' to admit in evidence a check of date November 3, 1920, on the Morgan County National Bank for $108.87, payable to the order of J. C. Sparks (the mortgagor in question), signed "Davis Hodges" (the ' defendant), and indorsed thereon, "For 1 B. C.," which the evidence shows was the purchase price paid by Hodges for one bale of cotton. On the face of the check were indorsements, "Teller No. 1," and, "Paid 11—3—20, M. C. N. B." This court has judicial knowledge that such indorsement, of date of payment, was that of November 3, 1920. Sovereign Camp of W. O. W. v. Reed, 208 Ala. 457, 94 South. 910. Further indorsements· on the back of the check were: "J: C. Sparks." "W. D. Westmoreland." Before this check was offered in evidence, plaintiff had testified that his name was W. D. Westmoreland, and it was his signature on the back of the check. The defendant's evidence showed that the check in question was "one of the checks which I (Hodges) gave for the cotton in question"; that the check came back in the usual course of business, marked "paid" by the bank, with the indorsement in question, in about a month after it was given to Sparks. Here defendant offered in evidence the check; plaintiff's objection was· sustained, and to this ruling exception was duly reserved. There was error in excluding this evidence. Speaking generally, the measure of damages in such a case is the amount of the mortgage debt and interest thereon, not exceeding the value of the property embraced therein and made the subject of the suit. If the value of the property converted was less than the amount of the mortgage debt and interest, the measure of damages was the value of the property converted. McDaniel v. Sullivan, 144 Ala. 583, 39 South. 355; Ryan v. Young,

147 Ala. 660, 41 South. 954. In Jones v. White, 189 Ala. 622, 66 South. 605, the rule declared as the measure of damages in trover is "the value of the property at the time of the conversion, with interest, but, if the evidence shows a fluctuation in value after the conversion, the jury, in their discretion, may fix the value of the higher or highest price at any time between the conversion and the time of trial." Howton v. Mathias, 197 Ala. 457, 73 South. 92. In an action in trover. when plaintiff's title is based on a chattel mortgage, the measure of damages is as we have stated above. The check was delivered by Hodges and indorsed by Sparks, the payee, and following the indorsement of Sparks was that of the plaintiff. Having been paid on such indorsements, the prima facie presumption of the law is that payment was made to the last indorser, or at his instance. The payment so evidenced was for the consideration of the jury, that they might say whether it showed a payment of the mortgage indebtedness, or its reduction pro tanto. This evidence, not satisfactorily explained to the jury by the plaintiff, was in the nature of a receipt of payment by the mortgagor to the mortgagee of $108.87, which the defendant would be entitled to have the jury consider in reduction of his liability for damages for the purchase of that bale of cotton.

[9] If other reason was necessary to justify the introduction of this evidence, it was that the check was given for one of the bales of cotton involved in the suit, and the evidence of its indorsement tended to show that plaintiff received a part of the proceeds of the converted bale of cotton, for which defendant should not suffer in damages. A plaintiff as mortgagee may not recover the proceeds of the sale of one of the bales of cotton, covered by his mortgage, from the purchaser, and at the same time hold the purchaser liable for its conversion in its sale and purchase from which he received the proceeds. This follows under the rule that if, before the trial, the plaintiff regains possession of his property, or a part thereof, for the conversion of which suit is instituted, the damages should be reduced to the extent of the value of such property so repossessed. Renfro's Adm'x v. Hughes, 69 Ala. 581; Gray v. Crocheron, 8 Port. 191; Stephenson v. Wright, 111 Ala. 579, 20 South. 622; King v. Franklin, 132 Ala. 559, 31 South. 467; Plummer v. Hardison, 6 Ala. App. 525, 60 South. 502; Semple v. Yielding, 16 Ala. App. 584, 80 South. 158.

For foregoing error, the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.