157 So. 438

## WATKINS v. CITIZENS' BANK.

### 8 Div. 595.

Supreme Court of Alabama.
Oct. 11, 1934.

Rehearing Denied Nov. 8, 1934.

See, also, 25 Ala. App. 419, 226 Ala. 634, 148 So. 335.

Lynne & Lynne, of Decatur, for appellant.

R. L. Almon, of Moulton, for appellee.

GARDNER, Justice.

The Citizens' Bank, on October 6, 1932, sued J. W. Watkins in detinue for recovery of personalty consisting of farm products. On October 12, 1932, J. W. Watkins filed a disclaimer as to the property sued for, and made the affidavit that Clem C. Watkins claims the same, suggesting she be required on notice to come in and defend the suit, if she does not do so voluntarily, all in accordance with section 10387, Code 1923.

The day following, Clem C. Watkins made affidavit and bond for the property, the bond being conditioned, as provided by the above-

noted Code section, and the property was delivered to her.

We are persuaded the trial court properly treated the case as one in which the claimant became a substituted defendant under section 10387, Code, notwithstanding a reference in the bond to section 7403, which may properly be considered as surplusage. Carleton v. Kimbrough, 150 Ala. 618, 43 So. 817; Slaughter v. Webster, 194 Ala. 642, 70 So. 128.

The argument against the form of the judgment is rested upon the contrary theory that the claim suit is under section 7403, Code, and is without merit.

Plaintiff's claim was by mortgage executed January 11, 1932, on the crop to be grown during that year. The land was that of the mortgagor, but he insists that in December, 1931, he turned over everything to his wife, claimant here, and their minor son, to make what they could out of it, and that he, himself, was insolvent and had nothing.

The trial court saw and heard the witnesses, and was in better position to judge the good faith of the transaction. Upon a consideration of all the proof, we think it justified a reasonable inference that this arrangement was but a mere subterfuge, and that the property was in fact that of the mortgagor.

We are also of the opinion that the proof as to the removal and sale of the bales of cotton justified the court in the conclusion that the mortgage maturity had been thus accelerated, the mortgage expressly so providing. 11 Corpus Juris, 553, 554; Woodard v. Elrod, 154 Ala. 340, 45 So. 647.

The loss of the original mortgage was sufficiently established to justify the use of the record thereof in evidence, and, indeed, we find no objection based upon that ground.

Upon original consideration of the cause we were of the opinion that the return of the sheriff showing a delivery of ungathered cotton to claimant of six hundred pounds was a clerical error. But upon more mature deliberation, the conclusion is reached that the record before us does not justify such a result, and that the judgment fixing this amount at sixteen hundred pounds is erroneous and should be here corrected, so as to read six hundred pounds, and as thus corrected the judgment should be affirmed.

We do not think, under the circumstances presented by this record, that this correction should work any change as to the taxation of costs.

We find no reversible error. Let the judgment be corrected, as above indicated, and as here corrected be affirmed.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.